# EXHIBIT A

ER

**COMMONWEALTH OF MASSACHUSETTS**

**Suffolk, ss**                                                                 **SUPERIOR COURT**

Aruneswaran Venkateswaran

       Plaintiff

v.                                                                                  Civil Action No. _____

DraftKings, Inc.,

       Defendant

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The Plaintiff, Arun Venkateswaran ("Plaintiff") resides in Wauwatosa, Wisconsin. At all times pertinent to this Complaint Plaintiff was an employee of the Defendant working remotely.

2. The Defendant, DraftKings, Inc., is a foreign corporation incorporated under the laws of Delaware with a principal place of business of 222 Berkely Street, 5th Floor, Boston, MA 02116.

### JURISDICTION AND VENUE

3. This Court has jurisdiction of the dispute as the damages claimed will be of a value greater than $50,000.00 and pursuant to its powers in equity and/or otherwise pursuant to the statutes under which Plaintiff seeks relief.

4. Venue is proper as the parties reside and/or operate a place of business in Suffolk County and all facts giving rise to this dispute occurred in Suffolk County.

### FACTUAL ALLEGATIONS

5. In March 2022, Plaintiff was hired by DraftKings, Inc. as Senior Lead Engineer. His salary was $183,000.00 per year plus bonuses, stock options, and other benefits, including sixteen weeks of paid parental leave.

6. At all pertinent times, Plaintiff was supervised and/or reported to individuals located in the Commonwealth.

7. Upon information and belief, Defendant's paid parental leave program is a "private plan" as defined by M.G.L. c. 175M § 11.

8. At the end of 2022, Plaintiff received his first year-end review and he was found to be partially meeting high expectations. The review stated that the Plaintiff had established himself as one of the company's key leaders with all things data integration.

9. In early June of 2023, Plaintiff told his manager, Thomas Weissensee, that his wife was pregnant with their first child.

10. In July of 2023, a Lead Engineer on the Plaintiff's team resigned. This person and the Plaintiff shared similar duties. Accordingly, the Plaintiff picked up more responsibility.

11. On August 7, 2023 the Plaintiff told Mr. Weissensee via Slack that the baby was due to arrive on September 28, 2023.

12. The same day, Plaintiff submitted a parental leave request form to Mr. Weissensee and requested the full sixteen weeks of paid leave offered by DraftKings, Inc. as a benefit of his employment.

13. On August 8, 2023, Weissensee scheduled a zoom call with Plaintiff which included Freddy Maiorano and Jim Hurley. During that call, the Plaintiff was terminated. He was not provided any written documentation memorializing grounds for his termination.

14. On August 11, 2023, Plaintiff was provided with his mid-year performance rating and was again found to "partially meet high expectations." The review identified the Plaintiff as the go-to platform engineer for the majority of jackpots issues for multiple stakeholders.

15. Upon information and belief, another employee on the Plaintiff's team received a worse mid-year review than the Plaintiff. This employee was not terminated. Rather, he was placed on a Performance Improvement Plan and is still working with the company today.

16. Upon information and belief, this employee did not apply to use his paid parental leave.

17. The Plaintiff has satisfied all administrative prerequisites prior to the filing of this action.

### COUNT I – VIOLATION OF G.L. c. 175M, §9
### PAID FAMILY MEDICAL LEAVE RETALIATION/INTERFERENCE

18. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein.

19. The Plaintiff applied for a leave of absence to care for his newborn child pursuant to G.L. c. 175 M, §1 et. seq.

20. The Plaintiff thereafter suffered adverse employment actions.

21. A causal connection exists between that protected activity and the adverse action taken by the Defendants against the Plaintiff.

22. As a direct and proximate result of the Defendants' retaliatory acts, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, loss of personal and professional reputation, emotional distress and mental suffering.

### COUNT II – VIOLATION OF G.L. c. 149, §148C –
### SICK LEAVE RETALIATION

23. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

24. Additionally, and/or alternatively, the Plaintiff asserts that pursuant to G.L. c. 149, §§148C(h), 148C(i), 150:  (1) Plaintiff engaged in protected conduct when he requested and/or sought to take sick time under Massachusetts earned sick time laws; (2) Defendants thereafter took adverse employment action against the Plaintiff and/or otherwise retaliated against or acted to restrain or deny the Plaintiff from taking earned sick time; and (3) A causal connection existed between that protected activity and Plaintiff's termination.

25. As a direct and proximate result, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of personal and professional reputation, emotional distress, and mental suffering.

## COUNT III – VIOLATION OF G.L. c. 149, §148C – SICK LEAVE INTERFERENCE

26. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

27. Additionally, and or/alternatively, the Plaintiff asserts that pursuant to G.L. c. 149, §§ 148C(h), 148C(i), 150 (1) Plaintiff engaged in protected conduct when he requested to and/or sought to take sick time under Massachusetts earned sick time laws; (2) Defendants interfered with, restrained or denied the Plaintiff from exercising or attempting to exercise a right or earned sick time under G.L. c. 149, §§ 148C; (3) Defendants thereafter took adverse employment action against the Plaintiff and/or otherwise retaliated against or acted to restrain or deny the Plaintiff from taking earned sick time; and (4) A causal connection existed between that protected activity and Plaintiff's termination.

28. As a direct and proximate result, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of personal and professional reputation, emotional distress, and mental suffering.

## COUNT IV - BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

29. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

30. Additionally, and/or alternatively, the Plaintiff asserts that: (1) a contract existed between the Plaintiff and Defendant; (2) the Plaintiff performed his obligations under the contract; (3) the Defendant's retaliatory conduct alleged herein unfairly prevented the Plaintiff from receiving the benefits Plaintiff was entitled to under the contract; and (4) as a consequence of the Defendant's conduct and bad faith the Plaintiff suffered damages including but not limited to loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, emotional distress and mental suffering.

## COUNT V – BREACH OF CONTRACT

31. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

32. Additionally, and/or alternatively, the Plaintiff asserts that: (1) There was a valid, binding contract between the parties; and (2) The Defendants breached the terms of that contract by terminating the Plaintiff.

33. As a direct and proximate result, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of personal and professional reputation, emotional distress, and mental suffering.

**REQUEST FOR RELIEF**

**WHEREFOR**, the Plaintiff prays that this Honorable Court grant the following relief:

I.      Judgment against the Defendant;

II. Damages, including compensatory (including double and/or treble damages), emotional distress, punitive, and/or liquidated, to the Plaintiff, as authorized or mandated by applicable law, in an amount to be determined at trial;

III. Costs and any reasonable attorneys' fees;

IV. Pre-judgment and post-judgment interest;

V. Appropriate injunctive, declaratory and other equitable relief; and

VI. Such other relief as this Honorable Court may deem just and appropriate under the circumstances.

## JURY DEMAND

The Plaintiff demands a jury trial on all claims herein.

Dated: September 13, 2024

Respectfully submitted,
The Plaintiff,
By his attorney,
/s/ Samuel Kennedy-Smith
/s/ Jamie Goodwin
Samuel Kennedy-Smith (BBO# 685647)
Jamie Goodwin (BBO# 673207)
Duddy Goodwin & Pollard
446 Main Street, 16th Floor
Worcester, MA 01608
sks@dgpfirm.com
jg@dgpfirm.com

# CIVIL ACTION COVER SHEET

**DOCKET NUMBER**

**Massachusetts Trial Court
Superior Court**

**COUNTY** Suffolk Superior Court (Boston)

| | |
|---|---|
| **Plaintiff** Aruneswaran Venkateswaran | **Defendant:** DRAFTKINGS INC. |
| ADDRESS: c/o Duddy Goodwin & Pollard<br>446 Main Street, 16th Floor<br>Worcester, MA, 01608 | ADDRESS: 222 BERKELEY STREET, 5TH FLOOR<br>BOSTON, MA 02116 |
| **Plaintiff Attorney:** Samuel Kennedy-Smith | **Defendant Attorney:** |
| ADDRESS: Duddy Goodwin & Pollard<br>446 Main Street, 16th Floor<br>Worcester, MA, 01608 | ADDRESS: |
| BBO: 685647 | BBO: |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Discrimination/Retaliation | F | ☒ YES ☐ NO |

*If "Other" please describe: _____

**Is there a claim under G.L. c. 93A?**  ☐ YES  ☒ NO

**Is there a class action under Mass. R. Civ. P. 23?**  ☐ YES  ☒ NO

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date
 1. Total hospital expenses  _____
 2. Total doctor expenses  _____
 3. Total chiropractic expenses  _____
 4. Total physical therapy expenses  _____
 5. Total other expenses (describe below)  _____

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date  _____
C. Documented property damages to date  _____
D. Reasonably anticipated future medical and hospital expenses  _____
E. Reasonably anticipated lost wages  _____
F. Other documented items of damages (describe below)  $250,000.00
lost wages and all remedies at law, equity and by statute

TOTAL (A-F): $250,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X Samuel Kennedy-Smith    Date: September 13, 2024

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X Samuel Kennedy-Smith    Date: September 13, 2024

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality †*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES  ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.