# EXHIBIT D

COMMONWEALTH OF MASSACHUSETTS

**Suffolk, ss**                                                                                    **SUPERIOR COURT**

Aruneswaran Venkateswaran

        Plaintiff

v.                                                                                  Civil Action No. 2484CV02454

DraftKings, Inc.,

        Defendant

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The Plaintiff, Arun Venkateswaran ("Plaintiff") resides in Wauwatosa, Wisconsin. At all times pertinent to this Complaint Plaintiff was an employee of the Defendant working remotely.

2. The Defendant, DraftKings, Inc., is a foreign corporation incorporated under the laws of Delaware with a principal place of business of 222 Berkely Street, 5th Floor, Boston, MA 02116.

### JURISDICTION AND VENUE

3. This Court has jurisdiction of the dispute as the damages claimed will be of a value greater than $50,000.00 and pursuant to its powers in equity and/or otherwise pursuant to the statutes under which Plaintiff seeks relief.

4. Venue is proper as the parties reside and/or operate a place of business in Suffolk County and all facts giving rise to this dispute occurred in Suffolk County.

### FACTUAL ALLEGATIONS

5. In March 2022, Plaintiff was hired by DraftKings, Inc. as Senior Lead Engineer. His salary was $183,000.00 per year plus bonuses, stock options, and other benefits, including sixteen weeks of paid parental leave.

6. At all pertinent times, Plaintiff was supervised and/or reported to individuals located in the Commonwealth.

7. Upon information and belief, Defendant's paid parental leave program is a "private plan" as defined by M.G.L. c. 175M § 11 and/or Plaintiff is otherwise eligible for and/or subject to the protections of PFML in the Commonwealth.

8. At the end of 2022, Plaintiff received his first year-end review and he was found to be partially meeting high expectations. The review stated that the Plaintiff had established himself as one of the company's key leaders with all things data integration.

9. In early June of 2023, Plaintiff told his manager, Thomas Weissensee, that his wife was pregnant with their first child.

10. In July of 2023, a Lead Engineer on the Plaintiff's team resigned. This person and the Plaintiff shared similar duties. Accordingly, the Plaintiff picked up more responsibility.

11. On August 7, 2023 the Plaintiff told Mr. Weissensee via Slack that the baby was due to arrive on September 28, 2023.

12. The same day, Plaintiff submitted a parental leave request form to Mr. Weissensee and requested the full sixteen weeks of paid leave offered by DraftKings, Inc. as a benefit of his employment.

13. Upon information and belief, such leave is a form of sick leave and/or PFML/FMLA leave.

14. On August 8, 2023, Weissensee scheduled a zoom call with Plaintiff which included Freddy Maiorano and Jim Hurley. During that call, the Plaintiff was terminated. He was not provided any written documentation memorializing grounds for his termination.

15. On August 11, 2023, Plaintiff was provided with his mid-year performance rating and was again found to "partially meet high expectations." The review identified the Plaintiff as the go-to platform engineer for the majority of jackpots issues for multiple stakeholders.

16. Upon information and belief, another employee on the Plaintiff's team received a worse mid-year review than the Plaintiff. This employee was not terminated. Rather, he was placed on a Performance Improvement Plan and is still working with the company today.

17. Upon information and belief, this employee did not apply to use his paid parental leave.

18. The Plaintiff has satisfied all administrative prerequisites prior to the filing of this action.

<u>COUNT I – VIOLATION OF G.L. c. 175M, §9</u>
<u>PAID FAMILY MEDICAL LEAVE RETALIATION/INTERFERENCE</u>

19. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein.

20. The Plaintiff applied for a leave of absence to care for his newborn child pursuant to G.L. c. 175 M, §1 et. seq.

21. The Plaintiff thereafter suffered adverse employment actions.

22. A causal connection exists between that protected activity and the adverse action taken by the Defendants against the Plaintiff.

23. As a direct and proximate result of the Defendants' retaliatory acts, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, loss of personal and professional reputation, emotional distress and mental suffering.

<u>COUNT II – VIOLATION OF G.L. c. 149, §148C –</u>

<u>SICK LEAVE RETALIATION</u>

24. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

25. Additionally, and/or alternatively, the Plaintiff asserts that pursuant to G.L. c. 149, §§148C(h), 148C(i), 150: (1) Plaintiff engaged in protected conduct when he requested and/or sought to take sick time under Massachusetts earned sick time laws; (2) Defendants thereafter took adverse employment action against the Plaintiff and/or otherwise retaliated against or acted to restrain or deny the Plaintiff from taking earned sick time; and (3) A causal connection existed between that protected activity and Plaintiff's termination.

26. As a direct and proximate result, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of personal and professional reputation, emotional distress, and mental suffering.

<u>COUNT III – VIOLATION OF G.L. c. 149, §148C –
SICK LEAVE INTERFERENCE</u>

27. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

28. Additionally, and or/alternatively, the Plaintiff asserts that pursuant to G.L. c. 149, §§ 148C(h), 148C(i), 150 (1) Plaintiff engaged in protected conduct when he requested to and/or sought to take sick time under Massachusetts earned sick time laws; (2) Defendants interfered with, restrained or denied the Plaintiff from exercising or attempting to exercise a right or earned sick time under G.L. c. 149, §§ 148C; (3) Defendants thereafter took adverse employment action against the Plaintiff and/or otherwise retaliated against or acted to restrain or deny the Plaintiff from taking earned sick time; and (4) A causal connection existed between that protected activity and Plaintiff's termination.

29. As a direct and proximate result, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of personal and professional reputation, emotional distress, and mental suffering.

## COUNT IV – FAMILY MEDICAL AND LEAVE ACT RETALIATION IN VIOLATION OF 29 U.S.C. § 2615

30. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein.

31. At all times relevant to this Complaint, the Defendant was an employer, and the Plaintiff was an employee within the meaning of 29 U.S.C. § 2611.

32. By the conduct alleged herein, Defendant took adverse action against the Plaintiff during his period of protected leave and/or to interfere with or prevent such leave secured under federal law in the Family and Medical Leave Act and/or took adverse action against the Plaintiff in retaliation for Plaintiff's exercise or anticipated exercise of his FMLA rights.

33. Such conduct was in violation of 29 U.S.C. § 2615.

34. As a direct and proximate result of the Defendant's unlawful termination, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, loss of personal and professional reputation, emotional distress, and mental suffering.

## COUNT V - BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

35. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

36. Additionally, and/or alternatively, the Plaintiff asserts that: (1) a contract existed between the Plaintiff and Defendant; (2) the Plaintiff performed his obligations under the contract; (3) the Defendant's retaliatory conduct alleged herein unfairly prevented the Plaintiff from

receiving the benefits Plaintiff was entitled to under the contract; and (4) as a consequence of the Defendant's conduct and bad faith the Plaintiff suffered damages including but not limited to loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, emotional distress and mental suffering.

COUNT VI – BREACH OF CONTRACT

37. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

38. Additionally, and/or alternatively, the Plaintiff asserts that: (1) There was a valid, binding contract between the parties; and (2) The Defendants breached the terms of that contract by terminating the Plaintiff.

39. As a direct and proximate result, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of personal and professional reputation, emotional distress, and mental suffering.

<b>REQUEST FOR RELIEF</b>

**WHEREFOR**, the Plaintiff prays that this Honorable Court grant the following relief:

I. Judgment against the Defendant;

II. Damages, including compensatory (including double and/or treble damages), emotional distress, punitive, and/or liquidated, to the Plaintiff, as authorized or mandated by applicable law, in an amount to be determined at trial;

III. Costs and any reasonable attorneys' fees;

IV. Pre-judgment and post-judgment interest;

V. Appropriate injunctive, declaratory and other equitable relief; and

VI.    Such other relief as this Honorable Court may deem just and appropriate under the circumstances.

## JURY DEMAND

The Plaintiff demands a jury trial on all claims herein.

Dated: November 1, 2024        Respectfully submitted,
The Plaintiff,
By his attorney,
/s/ Samuel Kennedy-Smith
Samuel Kennedy-Smith (BBO# 685647)
Jamie Goodwin (BBO# 673207)
Duddy Goodwin & Pollard
446 Main Street, 16th Floor
Worcester, MA 01608
sks@dgpfirm.com
jg@dgpfirm.com